IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAYSON and ANGELICA EARLY, and
A.E., a minor child,
by and through JAYSON and
ANGELICA EARLY, natural guardians of
A.E., a minor child,

        Plaintiffs,

v.

AURORA CORPORATE PLAZA, LLC.,
A Foreign Corporation,

        Defendant.

Case No. 16-cv-4174-DDC-KGG

## MEMORANDUM AND ORDER

On July 27, 2017, the court held a hearing to approve the settlement agreement between plaintiffs Jayson, Angelica, and A. Early ( A. Early is a minor child born to Jayson and Angelica Early) and Aurora Corporate Plaza, LLC. The hearing was necessary because plaintiffs' claims include those of a minor, and the court "has a duty to protect the minor's interests." *Midland Nat. Life Ins. Co. v. Johnson-Marin*, No. 08-1367-MLB, 2012 WL 3245471, at *4 (D. Kan. Aug. 9, 2012) (citing *Thompson v. Maxwell Land Grant and Ry. Co.*, 168 U.S. 451, 463 (1897); *United States v. Reilly*, 385 F.2d 225, 228 (10th Cir. 1967)). When a settlement agreement settles a minor child's claims, the court should "judicially examine the facts—to determine whether the agreement [is] reasonable and proper." *Mo. Pac. Ry. Co. v. Lasca*, 99 P. 616, 619 (Kan. 1909).

At the July 27, 2017 hearing, plaintiffs Angelica and Jayson Early appeared in person and through counsel. Defendant appeared through counsel. Both Mr. and Mrs. Early testified about the settlement agreement. The court intentionally has omitted reference to the settlement

amounts in this order, because it recognizes the role that confidential settlement negotiations often play in the efficient and fair resolution of disputes. *See Nixon v. Warner* Commc'ns, 435 U.S. 589, 597 (1978) (explaining that while the public has a "general right to inspect and copy public records and documents," the right is not absolute). Here, the court finds that the interest in preserving the result of confidential settlement negotiations outweighs the public interest in accessing the settlement agreement. So, the court enters a separate order memorializing the settlement agreement, which will remain sealed.

After considering the testimony and evidence presented by the parties at the July 27, 2017 hearing, the court concludes that the settlement agreement is reasonable and adequately protects A.E.'s interests. The settlement portion allocated to A.E. exceeds the portion paid to either Angelica or Jayson. A.E. suffered no permanent injuries from the circumstances described in the Complaint, and defendant agreed to waive and release all defenses and claims it had asserted against plaintiff's claims. Additionally, the parties have stated that A.E.'s settlement portion will not be affected by outstanding attorney fees or costs.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' settlement agreement is approved.

**IT IS SO ORDERED.**

**Dated this 10th day of August, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**